Appellant, a landlord, instituted proceedings in the District Court of the Essex County Judicial District, for the removal of a tenant from premises #99 Little Street, in the Town of Belleville. On February 24, 1948, judgment for possession was entered. On the latter date an order, consented to by appellant, was made staying the issuance of a warrant of eviction until May 1, 1948. On May 3rd, 1948, the court ordered a further stay until July 1st, 1948; on July 20th, 1948, a further stay was ordered until September 1st, 1948; and on August 27th, 1948, issuance of a warrant was again stayed until December 1st, 1948. It is the last order for stay, only, which is the subject of this appeal. Appellant submits that on August 27th, 1948, there was no authority for the order then made. Notice of Appeal was served on respondent on September 22d 1948.
By its terms, the order complained of expired on December 1st, last. There is, therefore, at this time, no effective, pending, litigation before us. The question of the propriety of the action of the court is now purely academic. In such circumstances an appellate tribunal will not take cognizance of the matter. In reBraunstein (Prerog. 1930) 105 N.J. Eq. 682. *Page 109 
Another aspect of the case is this: R.S. 2:58-23.1 (enacted as Section 1, Chapter 325 of the Laws of 1946) directed that "the judge of the court having jurisdiction shall use sound discretion in the issuance of a warrant of removal, and if it shall appear that by the issuance of the warrant the tenant will suffer hardship because of the unavailability of other dwelling accommodations the judge may stay the issuance of the warrant and cause the same to issue at such time as he shall deem proper under the circumstances". That statute became inoperative on July 1st, 1948. However, on September 1st, 1948, the Legislature reenacted (Chapter 344, Laws of 1948) the provisions of the expired statute. The reenactment is now R.S. 2:58-23.5.
When this appeal was argued (and also when the Notice of Appeal was served) there was ample authority for making the order under review. We think the question presented herein is disposed of by the decision in Westinghouse Electric Corp. v. UnitedElectrical, Radio, and Machine Workers c. (E. A. 1946)139 N.J. Eq. 97. There, pending the hearing of an appeal from an order granting a preliminary injunction, a statute held to be unconstitutional by the trial judge was amended by the Legislature so as to cure the infirmity pointed out in that case. Said Mr. Justice Perskie, speaking for the Court of Errors and Appeals (at page 105): "The question presented by the statutory change is whether we are obliged to dispose of the question as to the constitutionality of the title to the act according to the law prevailing at the time the Vice Chancellor entered his orders, or whether our determination should be made according to the law prevailing at the time of our disposition of the cause. The greater weight of authority takes the view that the time of the determination of the question by an appellate court governs, and not the law prevailing at the time the question was determined by the court below. Thus when as in the case at bar the question has been rendered moot by reason of the change of law, the right to an injunction will be disposed of according to the new law."
We hold that the question presented herein is now moot, not only because the order objected to has, by its terms, ceased to *Page 110 
be an effective, pending stay, but also because of the enactment of statutory authority for the action complained of.
Appeal dismissed.